Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MONY SINGH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**FREEDOM MORTGAGE CORPORATION**; and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>3. CONSUMER LEGAL REMEDIES ACT [CALIFORNIA CIVIL CODE §§ 1750 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MONY SINGH ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of FREEDOM MORTGAGE CORPORATION ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2. Furthermore, Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies for Defendants' violations of California's Consumer Legal Remedies Act, *California Civil Code §§ 1750 et seq.*, which protects consumers such as Plaintiff from misleading business and advertising practices.

## JURISDICTION & VENUE

3. Jurisdiction is proper under *28 U.S.C. § 1331* because this action arises under a Federal Question, namely the Telephone Consumer Protection Act, *47 U.S.C. § 227, et seq.*. Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both federal question jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Eastern District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

5. Plaintiff, MONY SINGH ("Plaintiff"), is a natural person residing in Lathrop, California and is a "person" as defined by *47 U.S.C. § 153 (39)*, and is a consumer.

-2-

6. Defendant, of FREEDOM MORTGAGE CORPORATION ("Defendant") is a home mortgage company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS**

9. In or around April of 2020, Plaintiff's home loan with Caliber Home Loans was purchased by Defendant.

10. Beginning in or around April of 2020, Defendant contacted Plaintiff on his cellular telephone ending in -9266, in an effort to sell or solicit its services.

11. Defendant called Plaintiff on his cellular telephone from phone numbers confirmed to belong to Defendant, including without limitation (855) 411-2372 and (877) 839-6910.

12. Plaintiff asked Defendant numerous times to cease calling him.

13. However, Plaintiff's repeated efforts to get Defendant to cease its automated barrage of solicitations were to no avail, and Defendant continued to

harass and annoy him with calls.

14. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to sell or solicit its business services.

15. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

16. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

17. In addition, on at least one occasion, Plaintiff answered the telephone and told Defendant to stop calling him. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

18. Plaintiff alleges upon information and belief, including without limitation his experiences as recounted herein, especially his experience of being called after expressly requesting that Defendant cease all calls to him, that Defendant lacks reasonable policies and procedures to avoid the violations of the Telephone Consumer Protection act herein described.

19. Furthermore, Defendant put Plaintiff on a differed payment plan without Plaintiff's authorization or request, contrary to Defendant's representations of initial loan agreement, in an attempt to require Plaintiff to pay more in interest to Defendant. Plaintiff had never missed a payment or paid beyond the payment due date, and thus had no reason to want to switch his loan payment plan.

20. During Defendant's aforementioned calls to Plaintiff, Defendant repeatedly demanded that Plaintiff agree to a lower interest rate on Plaintiff's mortgage, which would add an additional six thousand dollars ($6,000) to the balance of three hundred thousand dollars ($300,000) that Plaintiff owes on the

**CLASS ACTION COMPLAINT**
**-4-**

loan, and thus economically benefit Defendant.

21. Plaintiff informed Defendant's agents that he was not interested in the interest rate modification, but Defendant's agents continued to harass Plaintiff.

22. The aforementioned actions were misleading and outright deceptive.

23. Defendant omitted the fact that Plaintiff's loan payment plan would be altered without his authorization or request, and that Plaintiff would be harassed to modify the interest rate of his loan.

24. Defendant's omissions and representations about its home loans are material to Plaintiff's decision to transact with Defendant. That is, had Plaintiff known that Defendant would alter his loan payment plan and harass him to modify the loans interest rates, Plaintiff would not have transacted with Defendant.

25. Furthermore, Plaintiff had no reasonable opportunity to uncover such deception prior to transacting with Defendant.

26. The conduct described herein amount to numerous violations of California's Consumer Legal Remedies Act and the TCPA, and for such violations, Plaintiff here and now seeks remediation of all of Defendants' wrongful acts in the form of all due and proper legal and equitable relief.

## CLASS ALLEGATIONS

27. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the three proposed classes (hereafter, jointly, "The Classes"). The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

28. The class concerning the ATDS claim for revocation of consent, to the extent prior consent existed (hereafter "The ATDS Revocation Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the filing of this Complaint.

29. The class concerning the CLRA claim (hereafter "The CLRA Class") is defined as follows:

> All consumers within California, who, between the applicable statute of limitations and the present, whose loan payment plan was altered by Defendant without authorization or request.

30. Plaintiff represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

31. Plaintiff represents, and is a member of, The ATDS Revocation Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such calls prior to the calls within the four years prior to the

filing of this Complaint.

32. Plaintiff represents, and is a member of, The CLRA Class, consisting of all consumers, within California who, between the applicable statute of limitations and the present, were put on a deferred payment plan by Defendant without authorization or request, or who were harassed by Defendant to modify the interest rate of their loan.

33. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

35. Plaintiff and members of The ATDS Class and The ATDS Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class and ATDS Revocation Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class and ATDS Revocation Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class and ATDS Revocation Class members.

36. Plaintiff and members of The CLRA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally altered the payment plans of Plaintiff and CLRA Class Members, thus causing Plaintiff and CLRA

Class members to incur greater interest payments.

37. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

39. Common questions of fact and law exist as to all members of The ATDS Revocation Class which predominate over any questions affecting only individual members of The ATDS Revocation Class. These common legal and factual questions, which do not vary between ATDS Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Revocation Class members, include, but are not limited to, the

following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Revocation Class member, who had revoked any prior express consent to be called using an ATDS, using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the ATDS Revocation Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Revocation Class.

41. Common questions of fact and law exist as to all members of The CLRA Class which predominate over any questions affecting only individual members of The CLRA Class. These common legal and factual questions, which do not vary between CLRA Class members, and which may be determined without reference to the individual circumstances of any CLRA Class members, include, but are not limited to, the following:

    a. Whether Defendant engaged in unlawful, unfair, or deceptive business practices in altering the payment plans of Plaintiff and other CLRA Class Members without authorization or request,

        and harassing Plaintiff and other CLRA Class Members to modify their loan interest rates;

    b.    Whether Defendant made misrepresentations with respect to the its loans to consumers;

    c.    Whether Defendant profited from putting Plaintiff and other CLRA Class Members on a deferred payment plan and harassing Plaintiff and other CLRA Class Members to modify their loan interest rates;

    d.    Whether Defendant violated Cal. Civ. C. §1750 et seq.;

    e.    Whether Plaintiff and the CLRA Class Members are entitled to equitable and/or injunctive relief;

    f.    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and the CLRA Class Members; and

    g.    The method of calculation and extent of damages for Plaintiff and the CLRA Class Members.

42.    As a person whose loan payment plan was altered by Defendant without authorization or request and who was harassed by Defendant to modify the interest rate of his loan, Plaintiff is asserting claims that are typical of The CLRA Class.

43.    Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

44.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying,

inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

45. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

46. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

47. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-42.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

49. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

50. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

51. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-42.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

53. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

54. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Violation of Consumer Legal Remedies Act**

**Cal. Civ. Code § 1750 et seq.**

55. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-42

56. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(7);

c. Advertising goods or services with intent not to sell them as advertised; Cal. Civ. Code §1770(9);

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; Cal. Civ. Code §1770(14); and

e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; Cal. Civ. Code §1770(16);

57. On or about August 20, 2020, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant. This letter is attached hereto as Exhibit A.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act Cal. Civ. Code § 1750 et seq.

- An order requiring Defendant at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein
- All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;
- Pre- and post-judgment interest; and
- All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

///
///
///
///
///
///
///
///

## JURY DEMAND

58. Pursuant to her rights under the Seventh Amendment to the United States Constitution, Plaintiff demands a jury on all issues so triable.

Respectfully Submitted this 20th day of August, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

CLRA LETTER

# Law Offices of Todd M. Friedman, P.C.
## Attorneys for Consumers
21550 Oxnard St., Ste 780
Woodland Hills, CA 91367
323-306-4234 Toll Free
866-633-0228 Facsimile
California Office
www.toddflaw.com

E-mail: tfriedman@toddflaw.com

Writer licensed in:
California
Pennsylvania
Illinois

August 20, 2020

**Via Certified U.S. Mail**
**Freedom Mortgage Corporation**
**c/o C T Corporation System**
**818 West Seventh St., Suite 930**
**Los Angeles, CA 90017**

**Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152 and Notice of Violations of CLRA Pursuant to Cal. Civ. Code §§1782(a)(2)**

**Re:** *Mony Singh individually, and on behalf of all others similarly situated v. Freedom Mortgage Corporation; and DOES 1-10, inclusive*

To Whom It May Concern:

Please be advised that our office represents Mony Singh ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against Freedom Mortgage Corporation ("Defendant") for violations of the Consumer Legal Remedies Act ("CLRA").

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

**Facts**

1

In or around April of 2020, Plaintiff's home loan with Caliber Home Loans was purchased by Defendant. Following Defendant's purchase of Plaintiff's loan, Defendant began calling Plaintiff repeatedly, demanding that Plaintiff agree to a lower interest rate on Plaintiff's mortgage. Such modification would add an additional six thousand dollars ($6,000) to the balance of three hundred thousand dollars ($300,000) that Plaintiff owed on the loan, and thus economically benefit Defendant. Plaintiff informed Defendant's agents that he was not interested in the interest rate modification, but Defendant's agents continued to harass Plaintiff. In addition, Defendant put Plaintiff on a differed payment plan without Plaintiff's authorization or request, contrary to Defendant's representations of initial loan agreement, in an attempt to require Plaintiff to pay more in interest to Defendant. Plaintiff had never missed a payment or paid beyond the payment due date, and thus had no reason to want to switch his loan payment plan.

Defendant's aforementioned actions were misleading, and outright deceptive. Defendant omitted that Plaintiff's loan payment plan would be altered without his authorization or request, and that Plaintiff would be harassed to modify the interest rate of his loan. Defendant's omissions and representations about its home loans are material to Plaintiff's decision to transact with Defendant. That is, had Plaintiff known that Defendant would alter his loan payment plan and harass him to modify the loans interest rates, Plaintiff would not have transacted with Defendant. Furthermore, Plaintiff had no reasonable opportunity to uncover such deception prior to transacting with Defendant.

Plaintiff has been harmed as an actual and proximate result of Defendant's omissions and deception, and he therefore requests recompense as stated in this letter.

### **CLRA (*Cal. Civ. Code* §1750 *et seq.*) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. *Cal. Civ. Code* § 1770(5);

2. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. *Cal. Civ. Code* §1770(7)

3. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

4. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; - *Cal. Civ. Code* §1770(14);

5. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. Code* §1770(16)

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. *Cal. Civ. Code* §§1780, *et seq.*.

By engaging in the conduct detailed above, Defendant violated Sections §1770(5), (7), (9), (14), and (16) of the CLRA, thereby entitling Plaintiff to attorney's fees and costs, and actual and punitive damages.

**Class Potential**

At this stage, Defendant's fraudulent and deceptive business practices, and violations of both California and federal law, have impacted thousands of consumers throughout the state of California and/or the nation. Thus, we anticipate a either a state and/or nation-wide class of thousands of consumers whom Matthew Steiner will more than adequately represent. The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only actual damages, but punitive damages and statutory damages, in addition to attorney's fees and costs. Defendant is facing seven-figure liability, at the very least.

**Demand**

Ultimately, I am sure you can appreciate the need to address this issue with my clients and the need to avoid unnecessary litigation. My client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter outside litigation, if you contact our office immediately upon receipt of this letter.

If you chose to ignore this letter seeking settlement, then we will have no choice but to pursue my client's CLRA claims, among others, in a court of law. Please be advised that if such circumstances should arise, my demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

Best regards,

Todd M. Friedman, Esq.
Attorney at Law

3

